This is the third time the question of ownership and possession of the diamond ear screws involved in this case has been before us. See Dunkelberg Farms v. Mays, 19 La.App. 106, 138 So. 224 and Dunkelberg Farms v. Madding, 6 So.2d 801. In the two former cases, Dunkelberg Farms, Incorporated, was claiming to be the owner of the ear screws by transfer from the plaintiff in this suit. In the last above-cited case we found they were the property of the present owner. She has instituted this suit as owner and is seeking possession of the ear screws. Her suit is against T.E. Madding, pledgee of the ear screws, and the Continental-American Bank Trust Company, which has them in its possession as a mere stakeholder.
T.E. Madding answered the suit alleging he was the pledgee of said ear screws and that there was due him on account of the pledge, $800, with five per cent per annum interest from October 20, 1928, until paid. He prayed that plaintiff's demands be rejected and, in reconvention, for judgment against plaintiff for the amount due and for recognition of his lien and privilege on the ear screws and that they be ordered sold and he paid out of the proceeds of said sale by preference and priority over all others.
The lower court rejected plaintiff's demands as of non-suit and likewise rejected defendant's reconventional demand as of non-suit and cast plaintiff for the costs. From this judgment defendant has appealed and plaintiff has answered the appeal praying that defendant be cast for costs and that the judgment be affirmed in all other respects. *Page 558 
Plaintiff was formerly Mrs. Dunkelberg. After her husband died, she married F.A. Bell, and it was during the existence of this marriage that Bell borrowed the $800 herein from defendant and secured the loan by pledging the ear screws, which were the separate property of his wife, to defendant. Whether he had authority to make the pledge of the ear screws or not is outside the case for we found in our former opinion (6 So.2d 801) that plaintiff herein ratified the pledge by letter to the pledgee. After this, Dunkelberg Farms, Incorporated, a corporation in which plaintiff owned practically all the stock, her sons owning the few outstanding shares, entered suit claiming ownership of the ear screws by virtue of a transfer to it by plaintiff. It contended that neither Bell nor his wife had authority to pledge its property. We found that there never was any transfer of ownership of the ear screws by plaintiff to said corporation. See decision cited above. Some time after this decision was rendered, plaintiff herein, who is now Mrs. Hoover, instituted the present suit seeking possession of the ear screws without first satisfying the loan secured by the pledge of them.
The lower court in its written opinion held that plaintiff could have possession of the screws only after satisfying the amount due which they were pledged to secure. It therefore properly dismissed her demands as of non-suit, otherwise she might be forever cut off from claiming her property even though she paid the amount due defendant. We likewise find no error in the judgment of the lower court in casting plaintiff for the costs. The sole and only purpose of her suit was to secure possession of the ear screws. In this she failed. It was unnecessary for her to claim ownership for our former decision had determined that issue and it was final.
The only remaining question is the right of defendant in reconvention to foreclose on his pledge as he has attempted to do in this case. He also asks for judgment against plaintiff for the amount due him. There is nothing in the record to show any indebtedness to defendant by this plaintiff and certainly he is not entitled to a judgment against her for moneys loaned her husband.
Article 3165 of the Revised Civil Code provides the method of foreclosing on pledged property. It provides that the holder of such property be compelled to obtain a judgment in the ordinary courts of law, etc. It is clear that defendant has not complied with the provisions of this Article of the Revised Civil Code and cannot in this suit in which the debtor is not a party. The lower court correctly rejected his demands as of non-suit.
There is no error in the judgment of the lower court and it is affirmed, with costs of appeal to be paid by appellant.